E-FILED
Friday, 16 January, 2026  02:46:40 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER YOUNGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-01027** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CATERPILLAR, INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Christopher Younger ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Caterpillar, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") seeking redress for Defendant's race-based discrimination, harassment, and retaliation.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.     Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

### ADMINISTRATIVE PREREQUISITES

4.     All conditions precedent to jurisdiction have been satisfied.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.      Plaintiff, Christopher Younger, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Peoria County, Illinois.

9.      Defendant, Caterpillar, Inc., whose address is 8826 W US Highway 24, Mapleton, IL, 61547-9784, is a corporation that at all times material to the allegations in this Complaint was doing business in and for Peoria County, Illinois.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.     Plaintiff worked for Defendant as a grinding specialist from on or about June 9, 2025, until Plaintiff's unlawful termination on or about December 10, 2025.

13.     As a grinding specialist, Plaintiff's job duties included but were not limited to setting up, operating, and adjusting grinders to perform grinding operations.

14.     Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of his employment.

15.     Plaintiff is African American and is therefore a member of a protected class because of his race.

16.     Since at least August 25, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to a hostile work environment on the basis of race, violating Title VII and Section 1981.

17.     On or about August 25, 2025, Plaintiff was sitting in the break room with a coworker when two other coworkers, Kim (LNU) and Tyler (LNU), entered and sat directly in front of them.

18.     During this interaction, Plaintiff mentioned that he might not be at work the following day because he would be attending his aunt's funeral.

19.     In response, Kim made racially offensive remarks, stating, "Bring me some of that food y'all be cooking! I know y'all gonna have some good food!"

20.     Kim further stated, "Yeah, bring us all a plate… I know y'all gonna have some good ole fried chicken and watermelon," while laughing directly at Plaintiff.

21.     Tyler then asked Plaintiff the name of his aunt.

22.     After Plaintiff responded, Tyler stated, "My condolences, but I would like some of that good fried chicken y'all be cooking," while laughing at Plaintiff.

23.     Plaintiff was holding a banana at the time, and Kim looked at him and stated, "Who are you calling and talking to on your banana?" while laughing.

24.     Plaintiff felt shocked, targeted, disrespected, and humiliated by Kim and Tyler's racially derogatory and deeply offensive comments.

3

25.     After the encounter with Kim and Tyler, Plaintiff left the breakroom and went to the restroom to cry.

26.     On or about August 27, 2025, Plaintiff informed his supervisor, Cody, of the racially offensive conduct by Kim and Tyler.

27.     Plaintiff thereafter reported the discrimination and harassment to Defendant's Human Resources (HR) department, thereby engaging in protected activity.

28.     Defendant's response to Plaintiff's complaint failed to prevent the continuation of discrimination and harassment in the workplace.

29.     Plaintiff also reported the incident to his Union; however, the Union failed to take any meaningful action or provide any remedy.

30.     Dissatisfied with the handling of the matter, Plaintiff returned to HR and spoke with an HR representative named Erica (LNU), who informed Plaintiff that Tyler and Kim would not be terminated.

31.     On or about September 22, 2025, Plaintiff's work environment became increasingly hostile due to continued harassment from Kim and adverse treatment by management.

32.     Specifically, prior to Plaintiff's complaint, management had informed Plaintiff that he would be cross-trained in another position.

33.     However, after Plaintiff reported the race-based discrimination and harassment, thus engaging in statutorily protected activity, Defendant failed to provide Plaintiff with cross-training as had previously been promised.

34.     Although Plaintiff was not provided cross-training as he had been promised, newer employees were trained and rotated into other roles while Plaintiff remained in the same position.

4

35.     Moreover, Plaintiff's supervisor Cody began treating Plaintiff in an increasingly hostile manner following Plaintiff's report of race-based discrimination and harassment.

36.     For instance, Cody made belittling remarks about Plaintiff's work, stating things such as, "You can't do this, you can't do that," and then laughing as though the comments were jokes.

37.     Additionally, Cody became increasingly critical of Plaintiff, engaged in excessive scrutiny of Plaintiff's work, micromanaged him, and monitored the amount of time Plaintiff spent in the restroom.

38.     On or about September 30, 2025, Kim began giving Plaintiff intimidating looks and making hostile and negative comments under her breath when passing near Plaintiff in the workplace.

39.     On or about October 5, 2025, Plaintiff overheard Kim in the break room stating that she wanted to get Plaintiff in trouble and fired, and that others should begin complaining about him.

40.     The escalating hostility directed towards Plaintiff by both his supervisor and his fellow coworkers caused Plaintiff to feel unsafe, harassed, and targeted in the workplace.

41.     From around October through December 2025, Cody continued to treat Plaintiff in a hostile and dismissive manner, and Plaintiff continued to experience intimidation and hostility from Kim and others associated with her.

42.     On or about December 10, 2025, at approximately 7:45 p.m., Cody escorted Plaintiff out of the workplace.

43.    Cody accused Plaintiff of improperly using the restroom after lunch and further accused Plaintiff of giving Cody "attitude" after Plaintiff expressed that he felt mistreated and overwhelmed by the situation.

44.    Cody confiscated Plaintiff's badge and informed Plaintiff that he was terminated.

45.    Plaintiff was unlawfully terminated because of his race (African American) on or about December 10, 2025.

46.    Plaintiff was retaliated against, and his employment was ultimately terminated for opposing unlawful race-based discrimination and harassment and for exercising his protected rights, specifically by reporting the race-based discrimination and harassment to Defendant on or about August 27, 2025.

47.    Plaintiff was targeted for termination because of his race, African American.

48.    Plaintiff suffered adverse employment actions, specifically termination.

49.    A basis exists for employer liability for the race-based discrimination and harassment to which Plaintiff was subjected.

50.    Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff opposed and reported race-based discrimination and harassment.

**COUNT I**
**Violation of 42 U.S.C. §1981**
**(Race-Based Discrimination)**

51.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

52.    Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the

making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

53. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

54. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

55. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

56. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

57. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

58. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race, African American.

60. Plaintiff met or exceeded performance expectations.

61.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

62.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

63.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

64.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Harassment)**

65.    Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

66.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

67.    Defendant knew or should have known of the harassment.

68.    The race-based harassment was severe or pervasive.

69.    The race-based harassment was offensive subjectively and objectively.

70.    The race-based harassment was unwelcomed.

71.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. due to Plaintiff's race, African American.

72.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

73.    As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

8

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

74.     Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

75.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*. due to Plaintiff's race (African American).

76.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based discrimination and harassment.

77.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

78.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race-based discrimination and harassment.

79.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

80.     Plaintiff suffered adverse employment action in retaliation for engaging in protected activity.

81.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting race-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

9

82.    Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

83.    As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Pre-judgment interest if applicable; and

    h.    Any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 16th day of January 2026.

                                        */s/Yasmeen Elagha, Esq.*
                                        Yasmeen Elagha, Esq.
                                        Mohammed O. Badwan, Esq. (Lead)
                                        Atlas Law Center, Ltd.
                                        2500 South Highland Avenue
                                        Suite 200
                                        Lombard, IL 60148
                                        Phone (630) 575 - 8181
                                        Fax (630) 575 - 8188

yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*